## HENRY RANDALL *vs.* JAMES McLAUGHLIN.

If a declaration sets forth that the plaintiff was entitled to a drain or sewer over the defendant's adjoining land, and that "the defendant wrongfully stopped up the said drain or sewer, or obstructed the plaintiff in examining into and repairing said sewer," and that the water which ought to have flowed through the same was thereby prevented from flowing from the plaintiff's land, and at the trial it appears in evidence that the defendant refused to allow the plaintiff to enter upon his land and examine the drain, but this is not made a substantial ground of damages in the plaintiff's requests for instructions, no exception lies on the part of the plaintiff to an instruction to the jury that, if they found as a fact that there was no obstruction in the drain, or that the plaintiff could have removed all the difficulties on his own premises, and without going upon the premises of the defendant, their verdict should be for the defendant.

TORT. The declaration set forth that the plaintiff was the owner of a messuage and premises, with the appurtenances, on

Billerica Street in Boston, and by reason thereof was entitled to a drain or sewer leading therefrom in, through and under certain adjoining land; that "the defendant wrongfully stopped up the said drain and sewer, or obstructed the plaintiff in examining into and repairing said sewer, whereby the water might freely flow through the drain, under said defendant's premises;" that thereby large quantities of water which ought to have flowed through the drain were prevented from flowing from the plaintiff's land, and caused injury to the plaintiff; "and by reason of the defendant's obstruction of said drain, or his preventing its repairs by the said plaintiff, house No. 36 belonging to said plaintiff, and adjacent to the defendant's house, was also injured," &c.

At the trial in the superior court, before *Putnam*, J., the plaintiff proved his title under a deed conveying to him the premises, with all the privileges and appurtenances to the same belonging, and offered evidence tending to show that in September 1861 the refuse water did not flow off freely from his premises, as it had been wont to do, and he claimed that it was owing to some obstruction in the drain, and notified the defendant in writing that the drain was out of order, and requested him to join with the plaintiff in repairing it; and that some days thereafter the plaintiff went on to the defendant's premises, with a carpenter and tools, for the purpose of examining the drain, but the defendant refused to permit him to do so, and ordered him off from the premises. The evidence was conflicting as to whether there was in fact an obstruction in the drain.

The plaintiff asked the court to instruct the jury, "that where the owner of two or more adjoining houses sells and conveys one of them to a purchaser, such house is entitled to the benefit and is subject to the burden of all existing drains communicating with the other house, without any express reservation or grant for that purpose; that the clause in the plaintiff's deed, "with all the privileges and appurtenances to the same belonging," conveyed to the plaintiff by implied grant, all the easements, drains, &c., as they were used at the time of the plaintiff's purchase; that it makes no difference as to the plaintiff's

right to recover in this action, whether or not a new drain could have been constructed at much or little expense by the plaintiff on his own land, and that it makes no difference whether either the plaintiff or the defendant knew or understood that there was such a drain at the time of the conveyance."

The judge declined to instruct the jury as prayed for, but did instruct them that the plaintiff, by the conveyance to him, was entitled to have the use of this drain, provided the jury found as a fact that it was necessary to the beneficial enjoyment of his estate ; that whether it was so or not was a question for them to determine upon the whole evidence ; that the determination of this question involved the inquiry how far a drain could be built, with reasonable expense and labor, upon the plaintiff's own land ; and he further instructed them as to how they were to determine the question of this necessity ; to which latter instructions no objections were made, if the principle above stated was correct. The jury were further instructed that if they found that the use of this drain was thus necessary to the beneficial enjoyment of the plaintiff's premises, it did pass to him by his conveyance, and he had the right at reasonable and proper times and in a proper manner to go on to the premises and examine the drain for the purpose of repairing it, and if the defendant prevented him from so doing, and the plaintiff suffered damages in consequence thereof, and in consequence of being unable to repair said drain, the plaintiff could recover.

The judge further instructed the jury that if upon the evidence they found as a fact that there was no obstruction in the drain, or that the plaintiff could have removed all the difficulties on his own premises, and without going on the premises of the defendant, then their verdict must be for the defendant.

The jury returned their verdict for the defendant, and in reply to an inquiry put to them by the court, upon which they had been requested to find specially, stated that they found it on the ground that there was no obstruction in the drain.

The plaintiff alleged exceptions.

*S. H. Randall*, for the plaintiff.

*M. Davis*, for the defendant, was not called upon.

BIGELOW, C. J. The gist of the plaintiff's claim for damages, as set out in the declaration, is, that the drain was obstructed, whereby water was caused to flow back, to the injury of the plaintiff's premises. No averment is made by which the refusal of the defendant to permit the plaintiff to enter on the defendant's estate and examine the drain is made a substantial ground of damages, nor does it appear by the exceptions that any claim was made at the trial to support the action for any cause other than the alleged obstruction in the drain, which the defendant would not suffer the plaintiff to remove. The allegation of the right to examine the condition of the drain is made only as incidental to the main averment, that the drain was obstructed; and the refusal of the defendant to allow it to be examined is averred only as one of the causes which prevented the plaintiff from clearing out the passage for the water, so that it might flow off freely. Under a count so framed, the plaintiff cannot ask to maintain his action solely on the ground that the right to examine the drain was denied to him, and for that cause only to recover nominal damages.

It follows from this view of the cause of action, as set out in the declaration, that the jury in finding that there was no obstruction in the drain have negatived the existence in fact of the whole cause of action, and that, conceding to the plaintiff all the rights he claims in the defendant's premises, he has been unable to show any violation of them according to the averments in his declaration. *Exceptions overruled.*